CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
AMY KARLIN (Bar No. 155016)
(E-Mail: Amy_Karlin@fd.org)
JASON HANNAN (Bar. No. 290841
(E-Mail: Jason_Hannan@fd.org)
JOSEPH TRIGILIO (Bar No. 245373)
(E-Mail: Joseph_Trigilio@fd.org)
MICHAEL A. SCHACHTER (Bar No. 298610)
(E-mail: Michael_Schachter@fd.org)
Deputy Federal Public Defenders
411 West Fourth Street, Suite 7110
Santa Ana, California 92701-4598
Telephone: (714) 338-4500
Facsimile: (714) 338-4520

Attorneys for Defendant
STEPHEN BEAL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | Case No. SA CR 19-0047-JLS |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANT'S REQUEST FOR PRETRIAL CONFERENCE IN RESPONSE TO GOVERNMENT'S INVOCATION OF THE CLASSIFIED INFORMATION PROCEDURES ACT ("CIPA") AND NOTICE OF REQUESTS FOR DISCOVERY POTENTIALLY IMPLICATING CIPA; EXHIBIT 1** |
| STEPHEN BEAL, | |
| Defendant. | |

Stephen Beal, by and through his counsel of record, Deputy Federal Public Defender Michael Schachter, hereby requests a pretrial conference in response to the government's invocation of the Classified Information Procedures Act ("CIPA") (Dkt. No. 194) and provides notice of outstanding discovery requests to the government potentially implicating CIPA.

1

**A.      Request for Pretrial Conference**

As the government states in its Notice of Intent to Invoke the Classified Information Procedures Act ("CIPA") ("CIPA Notice"), "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. III, § 2.

Section 2 of CIPA provides that after such a request is made, "the court shall promptly hold a pretrial conference to establish the timing of requests for discovery, the provision of notice required by section 5 of this Act, and the initiation of the procedure established by section 6 of this Act." *Id.* Additionally, "at the pretrial conference the court may consider any matters which relate to classified information or which may promote a fair and expeditious trial." *Id.*

Here, a pretrial conference is necessary, among other things, to provide the defense a forum for addressing the Court, *in camera*, about how certain evidence or materials potentially implicating CIPA relate to the defense's case, including potential pretrial motions (such as discovery and suppression motions) and potential defenses at trial. This understanding is crucial for evaluating the discoverability and relevance of any such materials.

A pretrial conference is also necessary to the extent the government contends CIPA abrogates *Brady* or its progeny in any way. Specifically, the defense's position is that disclosure under *Brady* and its progeny is constitutional in nature, resting on the due process guarantees of the Fifth and Fourteenth Amendments, and hence cannot be abrogated or minimized by CIPA. *See, e.g.*, *Brady v. Maryland*, 373 U.S. 83, 86-87 (1963). Accordingly, the government must produce all evidence and materials favorable to the defense regardless of classification status or materiality, subject to any cleansing procedures called for by CIPA. *See generally* Dkt. Nos. 129, 153. In any words, CIPA merely governs only *how* any such responsive materials should be

2

disclosed, not *whether* they should be withheld.[1]  As stated, to the extent the government contends otherwise, a pretrial conference is necessary for addressing any such dispute.[2]

Similarly, the defense likewise requests an opportunity to research and address at a hearing the relationship among CIPA, Rule 16 discovery, *Giglio*, and Jencks Act discovery, to the extent the government contends CIPA eliminates, reduces or otherwise minimizes its Rule 16, *Giglio*, and Jencks Act discovery obligations in any way.

**B.      Notice of Requests for Discovery Potentially Implicating CIPA**

As stated, the defense believes a pretrial conference will benefit the Court and parties in managing the disclosure of classified materials "in a way that does not impair the defendant's right to a fair trial."  CIPA Notice at 2 (internal quotation marks omitted).

In the meantime, though, the defense understands from the government's CIPA Notice and *ex parte* filings that the government has already asked to initiate *in camera* procedures for seeking rulings (Dkt. Nos. 197-98) on the discoverability of certain

---

[1]      As the government has stated in another case where it has invoked CIPA, "CIPA does not change the generally applicable evidentiary rules of admissibility." *United States v. Guan*, Case No. 8:20-cr-00127-MWF, Dkt. No. 48,  Government's 18 U.S.C. App. 3, § 2 Notice at 11 n.2 (Oct. 19, 2020) (internal quotation marks omitted). "Rather CIPA alters the timing of rulings concerning use, relevance or admissibility so as to require them to be made before trial."  *Id.* (internal quotations marks omitted).

[2]      The government's CIPA Notice states that Section 4 of CIPA purportedly authorizes the district court "to deny . . . discovery by the defendant of classified documents and information belonging to the United States," but the plain text of Section 4 does not appear to state that the Court may on a wholesale basis "deny" disclosure of the information in any such documents.  Instead, it provides for cleansing procedures for potentially classified materials.  *United States v. Sedaghaty*, 728 F.3d 885, 904 (9th Cir. 2013), which the government also relies on, uses the word "deny" with reference to Federal Rule of Criminal Procedure 16(d)(1) and discusses the relationship between that rule and Section 4 and CIPA.

materials.  The defense objects to the government's litigation of these issues on an ex parte, *in camera* basis and respectfully urges the Court to deny the government's requests to address these issues *in camera*.  *See U.S. v. Libby*, 429 F. Supp. 2d 18, 22 (D.D.C. 2006) ("It is clear from the plain text of Section 4, however, that the Court has discretion in deciding whether to accept *ex parte* filings under Section 4.").

Notwithstanding the above, and recognizing that the Court may choose to proceed *in camera* as requested by the government, the defense provides notice of currently outstanding discovery requests potentially implicating CIPA.  *See* Ex. 1, 6/14/21 Discovery Letter.  While the defense maintains that a pretrial conference is necessary to more fully address the relationship between materials potentially implicating CIPA and the defense's case, these requests  provide some information about the defense's position regarding the discoverability under *Brady* of certain materials potentially implicating CIPA, to the extent they exist.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  June 22, 2021          By  /s/ *Michael Schachter*

MICHAEL SCHACHTER
Deputy Federal Public Defender
Attorney for Stephen Beal

4