TRACY L. WILKISON
Acting United States Attorney
CHRISTOPHER D. GRIGG
Assistant United States Attorney
Chief, National Security Division
MARK TAKLA (Cal. Bar No. 218111)
ANNAMARTINE SALICK (Cal. Bar No. 309254)
WILSON PARK (Cal. Bar No. 239527)
MARIA JHAI (Cal. Bar No. 283059)
Assistant United States Attorneys
Terrorism and Export Crimes Section
        United States Attorney's Office
        411 West Fourth Street, Suite 8000
        Santa Ana, California 92701
        Telephone:  (714) 338-3500
        Facsimile:  (714) 338-3561
        Email:      mark.takla@usdoj.gov
                    annamartine.salick2@usdoj.gov
                    wilson.park@usdoj.gov
                    maria.jhai@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 19-047-JLS |
| Plaintiff, | GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION FOR A RULE 15 DEPOSITION |
| v. | |
| STEPHEN WILLIAM BEAL, | Hearing Date:  04/01/2022 |
| Defendant. | Hearing Time:  1:30pm<br>Time Estimate: 30 minutes |

        Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and undersigned counsel, respectfully submits its Reply in

support of its Motion for a Deposition pursuant to Rule 15 of the

Federal Rules of Criminal Procedure.

///

///

This Reply is based upon the attached memorandum of points and authorities, the exhibits thereto, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 18, 2022                    Respectfully submitted,

                                         TRACY L. WILKISON
                                         United States Attorney

                                         CHRISTOPHER D. GRIGG
                                         Assistant United States Attorney
                                         Chief, National Security Division


                                                /s/
                                         _____
                                         MARK TAKLA
                                         ANNAMARTINE SALICK
                                         WILSON PARK
                                         MARIA JHAI
                                         Assistant United States Attorneys

                                         Attorneys for Plaintiff
                                         UNITED STATES OF AMERICA

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.   INTRODUCTION**

The government's Motion for a Rule 15 Deposition ("the Motion" or "Mot.") of an overseas custodial witness is ripe for the Court's determination.  The request is based on non-speculative, concreate facts unique to the circumstances of this case that demonstrate that there are exceptional circumstances to order a deposition and that the deposition will serve the interests of justice.

Since the filing of its Motion, the government has worked diligently to secure the witness's travel to the United States and to obtain a new foreign business records declaration that complies with defendant's novel demands.  The government secured the U.S. Department of Justice's Office of International Affairs ("OIA") authorization to transmit a request for mutual legal assistance to Country A,[1] even though no treaty exists between the United States and Country A.  The request seeks Country A's assistance in obtaining a new business records declaration subject to criminal penalty in Country A and requests permission to conduct a deposition of the witness in accordance with Country A's laws.  The request was transmitted to Country A's Central Authority and, currently, U.S. officials based in Country A are in ongoing discussions with the Central Authority to effectuate the request.

Separately, the government attempted to secure the witness's presence in the United States but learned that the witness risks being denied re-entry into County A if she were to leave due to her

---

[1] The countries' identities are known to the parties but are anonymized in this public filing because it references pending requests for mutual legal assistance and ongoing negotiations with foreign countries.

immigration status in Country A.  The government also confirmed that the U.S. Marshals will not allow defendant to travel internationally for the deposition due to security concerns and the Federal Bureau of Investigation ("FBI") does not have legal authority to secure defendant's transport and return to the United States to face trial. Thus, despite the government's good faith efforts, the wintess is not available to travel to the United States and defendant will not be permitted to travel internationally.

Moreover, as detailed in the government's Motion for a Rule 15 Deposition and below, the government has met its burden to warrant a deposition.  Exceptional circumstances justify the taking of the deposition and the deposition will serve the interests of justice. In addition, the government has met Rule 15(c)'s requirements to show that an overseas deposition without defendant's presence is appropriate in this case and that defendant will be able to participate meaningfully in the proceeding remotely, as he has chosen to do in other hearings before this Court.  Defendant's preference for in-person testimony at trial does not overcome the government's substantial showing that a Rule 15 deposition is necessary here.

**II.   FACTUAL BASIS**

The foreign witness is not presently able to travel to the United States for a deposition or for trial.  Although the witness originally expressed her willingness to travel, <u>if authorized</u>, the government has not been able to obtain the necessary authorizations to secure her transport to the United States and there are significant concerns that the witness will be denied re-entry after traveling internationally and be unable to maintain her employment.

2

The witness is an employee of a battery manufacturing factory located in Country A. (Decl. at ¶ 5.)  The witness is not a citizen of Country A; her legal status in Country A is dependent on her employment at the factory.  (Id. at ¶ 6.)  The witness's employer expressed concerns that the witness will be denied re-entry after traveling internationally because she will no longer have legal immigration status in Country A.  (Id.)  The employer further explained that Country A's traveler's testing and quarantine requirements for persons testing positive for COVID-19 could interfere with the witness's professional and personal duties.  (Id.)

Defendant is also not able to travel internationally.  Defendant is presently detained pending trial based upon a finding that no condition or combination of conditions will reasonably assure the safety of any person or the community or reasonably assure defendant's presence as required. (Dkts. 71, 88, 98.)  The U.S. Marshals Service will not release the defendant to allow him to travel internationally.  (Decl. at ¶ 8.)  In addition, the FBI, which would have custody of defendant were he allowed to be released, does not have the legal authority to transport defendant overseas.  (Id.)  U.S. officials working in Country A have advised that it is highly unlikely that Country A would authorize a custodial defendant to enter its territory in order to participate in deposition.  (Id. at ¶ 9.)

**III.  ARUGEMENT**

   1. <u>Exceptional Circumstances and the Interests of Justice Warrant a Rule 15 Deposition of the Witness</u>

As detailed in the government's motion, the government has established that "exceptional circumstances" exist and that a

deposition would serve the "interests of justice. (See Mot. at 5-8; Fed. R. Crim. Pro. 15(a).)

First, it is hard to imagine a situation that would better qualify as an exceptional circumstance than the global COIVD-19 pandemic. Indeed, many courts have authorized Rule 15 depositions because of the exceptional challenges the pandemic presents to live, in-person testimony. See United States v. Cole, 2022 WL 203055, at *5 (N.D. Ohio Jan. 25, 2022) (granting government's motion for a Rule 15 deposition of overseas witness where the witness was beyond the court's subpoena power and because of the exceptional circumstances COVID-19 has placed "on international travel through testing and quarantine requirements and disease transmission risk."); United States v. Suzuki, 2021 WL 4245354, at *4 (D. Nev. Sept. 17, 2021) (granting government's Rule 15 deposition and noting that the "world is in the middle of a pandemic and, therefore, the witnesses' fears regarding international travel during the pandemic are persuasive."); United States v. Davis, 2020 WL 6196741, at *3 (D. Del. Oct. 22, 2020) (granting the government's Rule 15 motion to depose several witnesses residing in the United States but far from the district court because of "the impact of the coronavirus pandemic (especially on long-distance travel)"); United States v. Xiaorong You, 2020 WL 3549828, at *3 (E.D. Tenn. June 30, 2020) (granting deposition and finding a witness to be unavailable based, in part, on the "global pandemic which puts additional health and safety restraints on travel.").

Second, preserving the custodian's testimony for trial will serve the interests of justice. (See Mot. at 7-8.) The witness's testimony is necessary to lay the required foundation to admit

4

business records at trial.  Without her testimony, the government (and jury) will be deprived of highly relevant and material information that shows that the 9-volt battery embedded in floorboards above the blast site was part of a particular subset of 9-volt batteries sold between March 22, 2018 and the day of the bombing from a popular pharmacy chain in southern California, where defendant purchased a single 9-volt battery in cash just days before the explosion.

In addition, the government moved expeditiously and in good faith to respond to defendant's novel legal challenges, pursuing multiple, complex means concurrently in an effort to admit the records at trial.  (Decl. at ¶¶ 2-4).  Moreover, defendant's rights will not be prejudiced as he will be able to "meaningfully participate" in the deposition remotely, just as defendant has done (at his own request) in several hearings in this case.  Thus, a deposition will serve the interests of justice.

> 2.   Deposing the Witness Overseas Without the Defendant's Presence is Warranted Based on Concrete, Case Specific Facts Unique to this Case

The unique circumstances of this case warrant an overseas deposition without defendant's presence.  Rule 15(c)(3) enumerates several case-specific requirements to depose an overseas witness without defendant's presence.  See Fed. R. Crim. Pro. 15(c)(3).[2]  The government can establish each perquisite.

---

[2] Rule 15(c)(3) requires: (1) the witness's testimony "could provide substantial proof a material fact in a felony prosecution; (2) there is a "substantial likelihood" that the witness's attendance at trial cannot be obtained; (3) the witness's presence for the deposition cannot be obtained; (4) defendant cannot be present because: (a) the country where the deposition will occur will not "permit the defendant to attend the deposition," [or] (b) secure

*(footnote cont'd on next page)*

5

First, there is no disagreement between the parties that the witness's testimony "could provide substantive proof of a material fact in a felony prosecution." Fed. R. Crim. Pro. 15(c)(3). As detailed above, the witness's testimony is necessary to lay the proper evidentiary foundation to admit the battery records at trial. Due to defendant's novel legal challenges to the government's foreign records declarations, absent securing a new declaration that complies with defendant's demands,[3] the Battery Records will not be admissible without a deposition.

With respect to the second and third requirements, as detailed above, the witness is not able to travel to the United States to participate in a deposition or for trial. (See Decl. at ¶ 5-7.) International travel will likely jeopardize her legal status in Country A and her future employment, and COVID-19 quarantine restrictions will interfere with her personal and professional obligations. (Id.) While the government will continue its good faith efforts to obtain the witness's presence, at this time, the witness is unavailable and it is likely that she will remain unavailable through trial.

Moreover, the government need not prove that the witness is "conclusively unavailable," contrary to defendant's claims. (Def. Opp. at 2.) As the Ninth Circuit explained in rejecting a defendant's demand for the government to establish "conclusive

---

transportation and continuing custody of a detained defendant cannot be assured at the witnesses location; and (5) defendant can "meaningfully participate in the deposition through reasonable means." Fed. R. Crim. Pro. 15(c)(3) (emphasis added).

[3] The government continues to pursue obtaining a new foreign business records declaration and will advise the Court and defendant immediately if it is successful.

6

unavailability," it "would be unreasonable and undesirable to require the government to assert with certainty that a witness will be unavailable for trial months ahead of time, simply to obtain authorization to take his deposition." United States v. Sines, 761 F.2d 1434, 1439 (9th Cir. 1985). In fact, a deposition is proper even where the unavailability of the witness is "uncertain." United States v. Lai Fa Chen, 214 F.R.D. 578, 580 (N.D. Cal. April 11, 2003) (granting a Rule 15 deposition where the "future status" of the detained witnesses was uncertain).[4]

Similarly, the government has met its burden under the fourth requirement by showing that defendant cannot travel to Country A to participate in the deposition. The government has confirmed that it cannot effectuate defendant's secure transportation to Country A or guarantee defendant's return back to the United States to face trial. Fed. R. Crim. Pro. 15(c)(3)(D). Defendant is detained pending trial based on a finding of dangerousness to the community. This Court rejected, and the Ninth Circuit affirmed, defendant's request for pretrial release based on this Court's finding that defendant presents a significant safety and flight risk. (Dkts. 88, 98.) The U.S. Marshals service, which has custody of defendant, will not release defendant to allow him to travel internationally, and the FBI does not have the authority to maintain defendant's custody overseas. (Decl. at ¶ 8.)

---

[4] The government may establish unavailability based on a detailed factual recitation; a affidavit from the witness is not necessary. United States v. Daniels, 194 F.R.D. 700, 702 (D. Kan. 2000) ("Representations by counsel are sufficient to establish unavailability.").

7

Lastly, defendant will be able to "meaningfully" participate in the deposition remotely, as defendant has done during several hearings before this Court.  Fed. R. Crim. Pro. 15(c)(3)(D); see e.g., Dkt. 492, Parties' Stipulation for, *inter alia*, experts to appear at evidence hearing by videoconference.

The Ninth Circuit has joined other circuits in holding that overseas depositions that allow for defendant's meaningful participation satisfy Rule 15 and that their admission at trial does not violate the Confrontation Clause where: (1) the government is, despite good faith efforts, unable to secure defendant's physical presence at the deposition;[5] and (2) employs adequate procedures to "allow defendant to take an active role in the deposition proceedings."  United States v. Medjuck, 156 F.3d 916, 920 (9th Cir. 1998) (admission of Rule 15 deposition testimony at trial proper where defendant could not travel internationally, defendant was able to participate in cross-examination through live video-feed, and defendant could communicate privately with his attorneys during the deposition); see also United States v. Abu Ali, 528 F.3d 210 (4th Cir. 2008) (admission at trial of live, two-way video depositions of overseas witnesses taken without defendant's presence did not violate defendant's Confrontation Clause rights because defendant observed the testimony contemporaneously, defendant and the witnesses could see and hear each other, the trial court presided over the deposition, and defendant could communicate privately with his

---

[5] The government's efforts to secure defendant's presence at the deposition "need not be heroic," McKeeve, 131 F.3d at 8, and the government need not "go through a futile exercise" of proving it cannot obtain defendant's presence overseas before it "may proceed to arrange for a defendant's remote participation." Medjuck, 156 F.3d at 920.

defense team during the deposition); accord United States v. Salim, 855 F.2d 944, 950 (2d Cir.1998); United States v. Gifford, 892 F.2d 263, 265 (3d Cir. 1989).[6]

Here, defendant will be able to meaningfully participate in the overseas deposition from the United States.  First, as in the cases cited above, the government will establish a live, two-way video link through which the parties can see and hear each other.  Defendant and his attorneys will be provided a private area to confer before and during the deposition, and the defense will be able to present questions directly to the witness.

Second, as evidenced by defendant's requests to participate in several hearings virtually and for several substantive witnesses to appear virtually for evidentiary hearings, defendant and his team have apparently found live, two-way video conferences to be a satisfactory means, and even preferable way, of conducting evidentiary hearings and examining witnesses with more substantial testimony than the custodian at issue here.

Third, despite COVID-19 restrictions, as evidenced from defense's robust pretrial litigation and mastery of the voluminous discovery, defendant has had ample access and opportunity to prepare

---

[6] See also United States v. Nguyen, 2013 WL 2402957, at *3 (W.D. Wash. May 31, 2013) (overseas witness deposition complied with Rule 15 and its admission at trial did not run awful of defendant's Confrontational Clause rights because defendant was able to meaningfully participate in "live video feed," and defendant and the witnesses could see and hear each other); United States v. Sapse, 2011 WL 1576898, at *1 (D. Nev. Apr. 26, 2011) (defendant participated meaningfully in an overseas deposition conducted via a two-way video conference for purpose of Rule 15 and the admission of the deposition at trial did not violate defendant's Confrontation Clause rights).

9

his case with his defense team.  At each hearing, defendant appears alert, takes notes, and seems to discuss the proceeding with his attorneys.  In recorded jail calls between defendant and his family, defendant repeatedly references lengthy meetings he had with his defense team (even during the worst COVID restrictions) and defendant demonstrates a mastery of the defense's and government's filings and the Court's orders.  Thus, defendant will be hard-pressed to establish that he was unable to meaningfully prepare for the deposition or participate in a virtual deposition that comports with the procedures he has requested for other, arguably more substantial, witnesses.

Fourth, as evident from the many video teleconference hearings our district and this Court have held over the last two years, remote participation does not affect the parties' ability to assess a witness's credibility or interfere with the parties' ability to cross examine the witnesses.

Lastly, while the witness's testimony is necessary to admit the battery records at trial, the custodian's testimony will be extremely narrow in length and scope.  The witness is not a percipient witness to the charged events or a forensic examiner whose expertise will be the subject of intense scrutiny by defendant.  The custodian will merely establish the four facts necessary to bring the records within the business records exception to hearsay.  <u>See</u> Fed. R. Evid. 803(6).[7]

_____

[7] As defendant conceded, controlling Ninth Circuit precedent holds that foreign business records do not implicate a defendant's Confrontational Clause rights. (Dkt. 445 at 5.)

10

Accordingly, case-specific facts and the global COVID-19 pandemic support the finding that defendant can participate meaningfully in an overseas deposition of a custodian of records through a live-feed, two-way videoconference.

### 3. Defendant Offers No Reason to Overcome the Government's Substantial Showing

Finally, defendant's preference for the witness's in-person testimony at trial is insufficient to overcome the government's detailed and fact-specific showing.  Defendant cites no legal or factual support to justify his demand for a U.S.-based deposition. (Def. Opp. at 3.)  Contrary to defendant's claims, the "overwhelming evidence" the government has established shows that the witness is unable to travel to the United States, defendant will not be allowed to travel internationally, and that defendant's virtual participation in an oversees deposition complies with Rule 15 and does not run afoul of his rights of confrontation.  (Def. Opp. at 2, note 6.)

Moreover, defendant's request to delay resolution of this issue and suggestion that the government can simply "renew" its motion during trial, runs counter to defendant's various demands to lock-in the government's case-in-chief well in advance of trial, demanding early disclosure of the government's witnesses and exhibits, the exclusion of any unnoticed witness or exhibit that may become relevant at trial.  Delaying resolution of this ripe and timely issue will severely prejudice the government.  As evidenced from the factual records recited above, effectuating a Rule 15 deposition is a complicated and time-consuming task that involves high-level negotiations between foreign countries.  Defendant's request for further delay simply increases the likelihood that the government

11

will not have the time necessary to obtain the approvals and finalize the logistics to carry out a Rule 15 deposition.

**IV.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court order that the parties be permitted to depose the government's witness pursuant to Rule 15 of the Federal Rules of Criminal Procedure.